Dear Mr. Harroun:
You have requested the opinion of this office regarding an intergovernmental agreement between the Avoyelles Sheriff and Law Enforcement District and the Marksville City Court. Specifically, you wish to know whether or not the agreement, by which the Sheriff loaned to the Court $4,000, is legal.
Article VII, Sec. 14 of the Louisiana Constitution of 1974 governs the transfer of public funds between distinct political subdivisions of the State. The standard for an authorized monetary loan under this article is to determine whether or not there exists a legal obligation on behalf of the loaning agency to the recipient. City of Port Allen v. Louisiana Municipal Risk Management, Inc. et al., 439 So.2d 399 (La. 1983).
". . . this section is violated whenever the state or political subdivision seeks to give up something of value when it is under no obligation to do so." Ibid, at 401.
The requirement of a legal obligation must arise from positive law or its equivalent. This writer has failed to find any law which would create the any legal obligation in the facts described in your request.
While Art. VI, Sec. 20 permits political subdivisions to enter into cooperative agreements, it should be read in pari materia with Art. VII, Sec. 14, not as an "exception" to the general rule of law forbidding gratuitous loans and donations.
Additionally, there is a void in jurisprudence interpreting Art. VI, Sec. 20; therefore, its practical application remains undefined. Apparently, however, the type of endeavors contemplated during the debate of this article are between distinct local governments which could cooperatively provide necessary services to the public in a more cost effective manner. It is further implied that each party to the agreement must be authorized individually by law or its equivalent to perform the power or function carried out. Records of the Louisiana Constitutional Convention of 1973, Volume VII at 1519-1520, 57th Days Proceedings.
Consequently, the agreement between the sheriff and the court is not of the nature contemplated in the discussion of this provision, and in turn, it does not afford either of these entities the power to enter into this contract.
The sheriff also relies upon the Local Services Law as authority to enter into this agreement. LSA R.S. 33:1324 states:
"Any parish, municipality, or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or specified law to perform such activity or exercise such power as may be necessary for the completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof . . ."
On it's face, R.S. 33:1324 appears to provide certain discretionary powers which allow local governmental entities to form agreements of this nature. But, it can not serve as an exception to Art. VII, Sec. 14 either.
It is well established that laws enacted by the legislature are presumed to be constitutional until proven otherwise. Since the constitutionality of R.S. 33:1324 is not at issue here, but merely its application, this writer will avoid any debate of its constitutional validity.
In conclusion, due to the prohibition contained in Art. VII, Sec. 14 against the loan or donation of public funds by the state or its political subdivisions without an existing legal obligation, neither Art. VI, Sec. 20 nor R.S. 33:1324 can be construed to authorize the intergovernmental agreement entered into by the sheriff and the municipal court. As a result, the agreement is ultra vires.
I trust this sufficiently answers your inquiry. If you have any further questions please do not hesitate to contact me.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General